■ CHARLES L. GALLO, Respondent, v. CHESTER M. MAYER, Appellant, et al., Defendants.— In an action to recover damages for breach of an alleged agreement of joint venture, the defendant Mayer appeals from an order of the Supreme Court, Nassau County, dated May 2, 1963, resettling an order of said court dated March 26, 1963, which denied his motion to vacate a subpœna duces tecum issued on plaintiff's behalf, addressed to said defendant's attorneys and requiring them to produce certain of their records on his pretrial examination by the plaintiff. Resettled order of May 2, 1963 modified as follows: (1) by granting defendant Mayer's motion to vacate the subpœna to the extent of: (a) striking out the first item of the subpœna; (b) striking out the eighth item of the subpœna; and (c) excising from all the remaining items of the subpœna the provision which requires the production of the attorneys' diary entries and docket record; and (2) by amending the second decretal paragraph of the resettled order so as to add a provision to the effect that the said attorneys' diary entries and docket records or other similar confidential matter need not be produced pursuant to the subpœna at the pretrial examination. As so modified, the resettled order is affirmed, without costs. The pretrial examination shall proceed on 10 days' written notice or at such other time and place as the parties may mutually agree by written stipulation; and the books and records specified in such subpœna and in the resettled order, as here modified, shall be produced upon such examination. The eighth item of the subpœna is couched in such vague and general language as to render impossible any compliance with its terms. The attorneys' diary entries and docket records, including those prepared by attorney Deitch, which are the subject of the first item in the subpœna and which are also specified in the other items and indirectly embraced in the order's second decretal paragraph, are confidential communications which cannot properly be made the subject of pretrial examination. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.

■ In the Matter of ANGELINA PALAZZA, Deceased. MARIE LOMBARDI et al., Appellants; LOUIS PALAZZA, Respondent.— In a probate proceeding, the contestants (who are married daughters of the decedent) appeal from a decree of the Surrogate's Court, Queens County, entered June 27, 1962 after trial, upon a jury's verdict directed by the court in the proponent's favor on all the framed issues, which admitted the propounded instrument to probate as the will of the decedent. Decree reversed on the law and the facts, with costs to the contestants payable out of the estate; and new trial ordered, limited to the issues (numbered four and eight) with respect to the decedent's testamentary capacity. Pursuant to statute (Surrogate's Ct. Act, § 309), this court directs the entry and recording of the jury's verdict upon such issues as have not been ordered retried. We are satisfied that all issues, other than those numbered four and eight, were correctly disposed of by the Surrogate. However, in the light of the undisputed official record of the decedent's mental condition and the proof as to the nature of her ailment and as to her conduct, a jury question was presented as to her testamentary capacity. Hence, with respect to the issues relating to testamentary capacity, the verdict should not have been directed by the court. It was also error to exclude the records of Pilgrim State Hospital. These records were germane to the alleged progressive deterioration of the decedent. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.